Argued February 13, affirmed March 4, rehearing denied March 18, 1919.

# MERCHANT v. SMITH-POWERS LOGGING CO.

(178 Pac. 939.)

**Trusts—Realty Held in Name of Partner—Interests of Partnership.**

1. Where title to realty acquired by or for a partnership is taken in the name of one of the partners, there is a resulting trust in favor of the partnership which may be established by parol evidence, so that the land may be charged with the interest of the partnership.

**Partnership—Partnership Realty—Intent.**

2. Whether realty purchased with partnership funds was purchased as partnership or individual property depends upon the intention of the parties as manifested by all the surrounding circumstances and use to be made of it.

**Partnership—Realty—Purchase With Funds of Firm.**

3. Where realty is purchased with partnership funds for partnership purposes and is appropriated to partnership uses or entered and carried in the assets of the firm as partnership assets, equity regards it as partnership property without regard to the name in which the legal title is taken.

**Partnership—Deed by Member to the Firm—Effect.**

4. Tract of land embraced in deed to plaintiffs' testator *held* purchased for use and benefit of a partnership of which testator was a member, paid for by money of and used for benefit of the firm, so that deed by testator to a member conveyed all right and title of testator.

[As to partnership in real property, see notes in 13 Am. Dec. 646; 27 Am. Rep. 270; 54 Am. Rep. 792; 48 Am. St. Rep. 62.]

From Coos: GEORGE F. SKIPWORTH, Judge.

Department 2.

The plaintiffs are the heirs at law of Charles H. Merchant, who died testate on July 26, 1906, and for cause of suit they allege that on August 21, 1883, the State of Oregon duly conveyed to Charles H. Merchant a tract of land at the mouth of Coos River in Coos County, containing 21.62 acres; that said lands are all unseated, unimproved, vacant and unoccupied and not in the actual possession of any person, and have so been ever since this conveyance; that the

defendant denies the plaintiffs' ownership, title and right to the possession thereof and claims that it is the owner, "but upon what right or authority the defendant so predicates its claim, plaintiffs have no knowledge and are therefore unable to state"; that such claim so made by the defendant is "false, unfounded and without right"; that the denial of plaintiffs' title and the claim and pretense of complete ownership of said lands by the defendant have prevented "and in the future will prevent the plaintiffs from selling or otherwise enjoying their estate in said lands"; and that:

"The plaintiffs have suffered great and irreparable damage and will suffer further damage in the future by the said unlawful acts of the defendant, the nature and extent of which is difficult to state and impossible to prove accurately; and they have no plain, speedy or adequate remedy at law."

Wherefore plaintiffs pray that the defendant be required to set forth its claim; that such claim be held for naught; that the plaintiffs be decreed to be the owners and entitled to the possession of the lands and that their title be forever quieted against any claim of the defendant.

The defendant filed an answer in which it admitted that the State of Oregon had executed the deed of the lands to Charles H. Merchant as alleged; that it denied plaintiffs' ownership thereof and claimed to be the owner of such lands; and denied that they were vacant, unseated, unimproved or unoccupied, alleging that for a long time they had been in the possession of the defendant and were improved, occupied and inclosed by log booms owned and operated by the defendant.

Further answering, the defendant alleges that on August 21, 1883, and for a long time prior thereto and

thereafter the said Charles H. Merchant was a co-partner with one E. B. Dean and one David Wilcox, doing business under the firm name and style of E. B. Dean & Company, which was engaged in conducting a sawmill, a general store and allied enterprises at and near the City of Marshfield in Coos County, and in operating a log boom at the mouth of the Coos River, upon and over the lands described in the complaint; that the lands so described were used and used only in connection with and as a part of said log boom and were purchased with partnership funds; that the legal title to said real property was never of record in the name of the partnership but was held in the names of the various members thereof and in the name of single members. The defendant claims that although the land in question was bought by Charles H. Merchant, at all times while he held the record title thereto he held it as trustee and in trust for the partnership; that on October 31, 1892, he was the owner of an undivided one-eighth interest therein and on that date conveyed all of his interest to E. B. Dean; that by mesne conveyances the title to said property was duly transferred to the defendant and that by reason thereof, at the commencement of this suit it was the owner and held the fee simple absolute title to said lands, and for a long time prior thereto it was and now is, in possession of the same and entitled to the possession thereof.

The defendant further avers that at the time of the execution of the deed from Merchant to E. B. Dean, the latter with David Wilcox entered into the open, adverse, hostile and exclusive possession of the said premises and have ever since maintained the exclusive possession thereof and have erected a substantial inclosure upon and about said lands; that since October

31, 1892, neither Merchant nor any of the plaintiffs
has ever been seised or possessed of said premises,
and that the plaintiffs are barred of any right, title or
interest therein. It is alleged by the defendant that
since the above date it and its predecessors in interest
have at all times claimed to own the said lands to
the exclusion of Merchant or either of the plaintiffs,
and have at all times exercised exclusive control over
the property, within the knowledge of Charles H. Mer-
chant and the plaintiffs; that since that time Charles
H. Merchant and the plaintiffs at all times acquiesced
in and acknowledged such ownership and that the
plaintiffs have been guilty of grave laches and should
not be allowed to claim or assert any title in the tract
in question. The defendant also alleges that since
the execution of the deed of October 31, 1892, E. B.
Dean and David Wilcox and their successors in inter-
est have openly sold and conveyed said lands to their
successors in interest, who entered into the possession
with full knowledge and without any objection of the
plaintiffs; that after that date Charles H. Merchant
participated in the management of the Dean Lumber
Company and treated said lands as the property of
that company and not of himself, and that by his con-
duct his heirs are now estopped to set up or claim any
interest in the said lands.

It is further alleged that it was the intention of the
parties to the deed of October 31, 1892, that Charles
H. Merchant should convey to E. B. Dean all of his
right, title and interest in or to the said lands; that
by inadvertence and mutual mistake the same were not
more particularly described; that the defendant pur-
chased the property in good faith and without any
knowledge of plaintiffs' claim and that it has made

improvements thereon to the reasonable value of $5,000.

The defendant prays for a decree that the plaintiffs take nothing and that the deed of October 31, 1892, be reformed by specifically describing therein the metes and bounds of the lands in question.

The reply denied all of the material allegations of the answer. A trial was had and the court made findings of fact, upon which it entered a decree to the effect that the plaintiffs' suit be dismissed; that the defendant is the owner in fee simple of the lands conveyed by the State of Oregon to Charles H. Merchant and that the description in the deed which he executed to E. B. Dean on October 31, 1892, be reformed as to metes and bounds. The plaintiffs prosecute this appeal.                                    AFFIRMED.

For appellants there was a brief over the name of *Messrs. Stoll & Hodge,* with an oral argument by *Mr. Wm. T. Stoll.*

For respondent there was a brief over the names of *Mr. John D. Goss, Mr. J. C. Kendall* and *Mr. H. S. Murphy,* with an oral argument by *Mr. Goss.*

JOHNS, J.—1-3. The record is voluminous and exhaustive briefs were presented. Counsel for plaintiffs made an able and ingenious argument and their legal principles are sound, but they are not supported by the facts. Under our view, the law of this case is well stated in 30 Cyc., page 428, where it is said:

"Where title to real property, acquired by or for a partnership, is taken in the name of one of the partners, there is a resulting trust in favor of the partnership, which may be established by parol evidence, so that the land may be charged with the interest of the partnership. * *

"Whether real estate purchased with partnership funds was purchased as partnership or individual property depends upon the intention of the parties as manifested by all the surrounding circumstances and the use to be made of it.   Where real estate is bought with partnership funds for partnership purposes and is appropriated to partnership uses, or entered and carried in the assets of the firm as partnership assets, equity regards it as partnership property without regard to the name in which the legal title is taken, but the legal title is left undisturbed, except so far as may be necessary to protect the equitable rights of the respective parties."   (Authorities.)

In 1873 E. B. Dean and David Wilcox, as partners under the firm name of E. B. Dean & Company, sold an undivided one-eighth interest in the firm's business to Charles H. Merchant, who became the active manager of the firm and continued as such until 1892.   In 1882, to promote an increase in business, he conceived the idea of erecting a log boom at the mouth of Coos River, for the purpose of receiving, holding and distributing logs to the different sawmills on Coos Bay, and to that end the firm took a twenty-five year lease of what was known as the Holland tract, consisting of 17.39 acres at the mouth of Coos River, and he applied to the State of Oregon to purchase another tract of 21.62 acres lying above and adjoining the Holland tract.   The application was made in his name and the subsequent deed was issued to him by the state on August 21, 1883.   It appears from entries in the firm books made on that identical date that the purchase was made with the firm's money.

After obtaining the lease and the deed from the state, the firm entered into a tentative agreement with Bernitt, Calahan, Wulff and Young, who were then engaged in rafting logs to the mills on Coos Bay, in

and by which a boom was to be constructed over the lands which were leased and acquired from the state. The raftsmen were required to operate the boom and to look after the rafting, catching and holding of logs and the distribution thereof to, in and through the boom, for which they were to make a charge of twenty-five cents per thousand feet, which was to be divided equally between them and the firm of E. B. Dean & Company. In due time the boom was constructed and while many changes were made in the personnel of the raftsmen, it was jointly operated by them and E. B. Dean & Company until 1903 or 1904, when it was taken over by the Dean Lumber Company, later acquired by Charles A. Smith and thereafter by the defendant. During the time the boom was jointly operated, yearly repairs were made thereon and charged to the boom account upon the books of the firm, where a record was kept of the receipts and expenses, and based thereon settlements were made from time to time between the firm and the raftsmen.

On October 31, 1892, Charles H. Merchant and Mary L. Merchant, his wife, in consideration of $10 executed to E. B. Dean their certain deed of conveyance by which they did "grant, bargain and sell, convey and confirm unto the said party of the second part and to his heirs and assigns forever, all those certain lots, pieces or parcels of land situate, lying and being in the County of Coos, State of Oregon," and among other lands therein described the following:

"The tide land in Sec. 24, Township 25 South, Range 13 West Willamette Meridian. The tide land in Sec. 19, Township 25 South, Range 12 West Willamette Meridian. The tide land fronting lot 1 of Sec. 9, Township 28 South, Range 14 West Willamette Meridian. Particular reference is hereby made for a fuller description of said tide lands to the deeds from

the State of Oregon therefor as on record in the office of the Recorder of the County of Coos, State of Oregon.''

It appears from the plat which was introduced in evidence that the 21.62 acre tract purchased from the State of Oregon in 1883 lies in both sections 19 and 24, in township 25 south of range 13 west of Willamette Meridian. It also appears from the record that at the time of the execution of the deed by Merchant to Dean neither of them owned or claimed to own any other tide-lands in section 19.

After the execution of this deed E. B. Dean & Company and the raftsmen continued to use the 21.62 acre tract for booming purposes in the same manner that it was formerly used. This and the Holland tract are tide-lands and at high tide are overflowed with water. None of it was under fence, but a large portion of it was surrounded with piling and apparently it was all encircled by the boom. When the tide was out, on some portions of the land the logs rested on the mud flats, and when the tide came in, they floated on the top of the water which covered the land.

It is shown by the record that after Merchant executed his deed to Dean and retired, the firm became involved in financial difficulties and upon an order of the Circuit Court of Coos County he was appointed receiver of the firm on November 18, 1896; that after he was appointed, together with the raftsmen, and as such receiver, he continued to use and operate the boom in the same manner that it was formerly worked.

4. Based upon a careful examination of the record, we hold that when Charles H. Merchant purchased the 21.62 acre tract from the State of Oregon, it was bought for the use and benefit of E. B. Dean & Company; that the purchase price was paid with the

money of the firm; that Merchant took and held the record title as trustee and in trust for the benefit of the firm and that by his deed to Dean on October 31, 1892, he intended to convey all of his right, title and interest in the lands which he had acquired from the state. We further hold that, coupled with his subsequent acts and the surrounding facts, the description contained in the deed was sufficient to convey a good title and that it did convey to Dean all of the right, title and interest which Merchant then had in or to the 21.62 acre tract.

The decree of the Circuit Court is affirmed.

                AFFIRMED. REHEARING DENIED.

MCBRIDE, C. J., and BEAN and BENNETT, JJ., concur.